# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                         Case No. 3:21-cv-1097-MMH-JBT

T. DISNEY TRUCKING AND
GRADING, INC., et al.,

    Defendants.

## ORDER

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter

jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff Atain Specialty Insurance Company initiated this action on October 29, 2021, against Defendants T. Disney Trucking and Grading, Inc. and Ruben Sanchez, by filing a one-count complaint for declaratory judgment. See Plaintiff Atain Specialty Insurance Company's Complaint for Declaratory Judgment (Doc. 1; Initial Complaint). On December 27, 2021, with leave of Court, Plaintiff filed an amended complaint in which it added an additional Defendant, Laura E. Trujillo, as Personal Representative of the Estate of Carlos L. Diaz (the Estate). See Plaintiff Atain Specialty Insurance Company's Amended Complaint for Declaratory Judgment (Doc. 18; Amended Complaint). In the Amended Complaint, Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000." See Amended Complaint ¶ 9. However, upon review, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff fails to properly allege the citizenship of the Estate.

In the Amended Complaint, Plaintiff asserts that "Mrs. Trujillo is domiciled in Miami-Dade County, Florida and is a citizen of Florida." See Amended Complaint ¶ 6. However, Laura E. Trujillo is named in this lawsuit in her capacity as personal representative of the Estate of Carlos L. Diaz. When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Because the Amended Complaint fails to allege the citizenship of Carlos L. Diaz at the time of his death, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.

In addition, the Court finds that the Amended Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).

As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count II of the Amended Complaint incorporates by reference all allegations of the preceding count. See Amended Complaint ¶ 42.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force

the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a second amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action and corrects the shotgun nature of the pleading. Accordingly, it is

**ORDERED:**

1. Plaintiff Atain Specialty Insurance Company's Amended Complaint for Declaratory Judgment (Doc. 18) is **STRICKEN**.

2. Plaintiff shall file a second amended complaint curing the shotgun nature of the pleading and the jurisdictional deficiencies on or before **January 28, 2022.** Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the second amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of January, 2022.

_____
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record