## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                                    Case No.  3:21-cv-1097-MMH-JBT

T. DISNEY TRUCKING AND
GRADING, INC., et al.,

      Defendants.

_____

### O R D E R

**THIS CAUSE** is before the Court on Atain Specialty Insurance Company's Response to T. Disney Trucking and Grading, Inc.'s Motion to Dismiss or in the Alternative, Motion to Stay (Doc. 30; Response), filed on February 18, 2022.  In the Response, Plaintiff, in addition to asserting that Defendant's motion is due to be denied, alternatively requests leave to amend its complaint in the event the Court finds that its allegations are unclear.  See Response at 9, 14.  Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion.  See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition

memorandum, the issue has not been raised properly.") (quoting <u>Posner v. Essex Ins. Co.</u>, 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)).  Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court.  <u>See</u> Local Rule 3.01(a).  Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested.  <u>See</u> Local Rule 3.01(g).  In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999); <u>see also</u> <u>McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles</u>, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); <u>United States ex rel. Atkins v. McInteer</u>, 470 F. 3d 1350, 1361–62 (11th Cir. 2006) (same).  Thus, the Court will not entertain Plaintiff's request for relief included in the Response.  Plaintiff is advised that, if it wishes to pursue such relief, it is required to file an appropriate motion, in accordance

with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, it is

**ORDERED:**

To the extent that it requests affirmative relief from the Court, Atain Specialty Insurance Company's Response to T. Disney Trucking and Grading, Inc.'s Motion to Dismiss or in the Alternative, Motion to Stay (Doc. 30) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies:

Counsel of record